UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA LENSING,
    Plaintiff,

-v-

No. 1:03-cv-575

HONORABLE PAUL L. MALONEY

JOHN E. POTTER, POSTMASTER GENERAL
UNITED STATES POST OFFICE,
    Defendant.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE

This matter comes before the court on three motions in limine (Dkt. Nos. 139, 140, and 141) filed by Defendant Potter. Plaintiff Lensing filed her responses. (Dkt. Nos. 148, 149, 150.) Plaintiff Lensing (Plaintiff) filed a Title VII suit against Defendant Potter (Defendant) alleging race discrimination and retaliation relating to two separate jobs. The events giving rise to this lawsuit and other background information have been summarized most recently in this court's opinion regarding Defendant's motion for summary judgment. *See Lensing v. Potter*, No. 1:03-cv-575, 2010 WL 311709, at *2-*4 (W.D. Mich. Jan. 22, 2010). Plaintiff's claims for discrimination and retaliation for a level 15 position that was advertised in 2000 are all that remain at issue.

LEGAL FRAMEWORK

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *see also Figgins v. Advance America Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury

proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.*; *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*). Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands*, 547 F.Supp. at 681.

Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. The rules define "relevant evidence" as any "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Sixth Circuit Court of Appeals described the relevancy standard "extremely liberal" and stated a district court "may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-739 (6th Cir. 2006) (quoting *DXS, Inc. v. Siemens Med. Sys. Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)). Evidence that is relevant may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of the evidence." Fed. R. Evid. 403. "Unfair prejudice" ordinarily references an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Whittington*, 455 F.3d at 739 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

ANALYSIS

    A. Motion in Limine - Claims Not At Issue (Dkt. No. 139)

Defendant moves for this court to preclude Plaintiff from introducing evidence of alleged discrimination and harassment that occurred after October 2000, the year in which the events giving rise to her remaining claim occurred. Defendant requests the court issue an order preventing Plaintiff from introducing evidence about the following: (1) alleged denials of subsequent promotions; (2) discipline regarding attendance issues; (3) the reasons why Plaintiff stopped reporting to work in October 2004; (4) Plaintiff's separation from the United States Postal Service (USPS) in 2007; (5) Plaintiff's hostile work environment and/or harassment claims; and (6) the presentation of expert evidence or testimony from Robert Lancaster or Kathy Monroe regarding Plaintiff's working conditions, treatment, or purported disability. More specifically, Defendant requests the court hold Plaintiff's proposed exhibits 13, 14, 19, and 22 inadmissible. Defendant describes the exhibits as

> a February 26, 2004 email to and from Gina Mason (Plaintiff's Proposed Ex. 13), a March 2, 2004 Vacancy Announcement (Plaintiff's Proposed Ex. 14), an October 15, 2004 memo from Johnnie M. Patterson to Plaintiff, (Plaintiff's Proposed Ex. 19), and a January 5, 2005 correspondence from the USPS Disbursing Officer (Plaintiff's Proposed Ex. 22)[.]

(Dkt. No. 139 at 4.)

        1. Proposed Exhibits 13, 14, 19, and 22

3

Defendant argues the four proposed exhibits concern problems that arose several years after the acts in 2000 giving rise to Plaintiff's remaining claim. Defendant argues Plaintiff should be precluded from introducing evidence establishing Plaintiff was not offered several jobs in the department that she applied for in 2004. Defendant argues Plaintiff has not administratively exhausted any claims relating to an allegedly hostile environment, discipline or non-selection occurring after October 2000. Defendant also argues the documents would be confusing to the jury. Defendant argues, in addition to positions not at issue, the documents concern Plaintiff's attendance problems and money owed by Plaintiff to the Postal Service. Plaintiff argues the evidence is admissible to show intent and a pattern of discrimination. Plaintiff insists the documents are relevant because they present a full picture of the environment in which Plaintiff was forced to work. Plaintiff argues the jury would not be confused by introduction of the evidence.

With regard to Proposed Exhibits 13, 14, 19, and 22, Defendant's motion is GRANTED. Plaintiff's proposed exhibits 13, 14, 19, and 22 are not admissible. Plaintiff sought to amend her complaint to add claims arising from employment decisions made in 2004, which was denied. (Dkt. No. 115.) To the extent the documents are relevant to show a pattern of discrimination within the office, the documents are excluded under Rule 403. Evidence that Plaintiff was not hired for jobs within the department some three years later would be minimally relevant. The relevancy of the decisions is further minimized because the person who performed the interviews was not involved in the 2000 decision. The risk that the jury would be misled and confused by the employment decisions made in 2004 is substantial. Plaintiff has not alleged a claim for harassment or a hostile work environment. Plaintiff's retaliation claim is that she was not hired for a position in 2000 based on EEO claim filed in 2000. To the extent the documents relating to Plaintiff's attendance and

4

monetary obligations are relevant to show retaliation, the documents are excluded under Rule 403. Evidence of additional retaliation for events that occurred more than three years earlier would be minimally relevant. The fact that the attendance and monetary obligation problems arose after the retaliatory act giving rise to the remaining claim further minimizes the relevance of the subsequent acts. The risk that the jury would be misled and confused by these subsequent events is substantial. All four documents create a risk that the jury might decide the case on an improper basis.

### 2. Testimony from Lancaster and Monroe

Defendant alleges Plaintiff will attempt to offer testimony from former USPS employees Lancaster and Monroe for the purpose of establishing that Plaintiff was subject to a hostile work environment. Defendant points to the summary of the expected testimony of the two witnesses contained in Plaintiff's expert witness list. (Dkt. No. 122.) Defendant argues the testimony is irrelevant because Plaintiff's job conditions are not at issue and because Plaintiff did not exhaust her administrative remedies with respect to any hostile work environment claim or with regard to the denial of subsequent positions. Pointing to the same document, Defendant argues Plaintiff expects the witnesses to testify that the working conditions contributed to Plaintiff's disability. Defendant argues neither witness is qualified to make such an assessment. Defendant further points out both individuals retired in 2002 and do not have any personal knowledge of events occurring after their retirement. Plaintiff argues Defendant has mischaracterized the testimony the two witnesses will offer.

With regard to the expected testimony from Plaintiff's witnesses Lancaster and Monroe, Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's witnesses Lancaster and Monroe are not medical experts and are not qualified to offer an opinion on whether

5

Plaintiff is disabled.[1] With regard to witnesses' personal knowledge about the office environment, the expected testimony would be relevant to Plaintiff's claim for discrimination and retaliation that occurred in 2000. The evidence would not be so inflammatory so that the probative value is substantially outweighed by its prejudicial effects. The jury instructions would assure that the fact finder would not be misled by the expected testimony.

      B. Motion in Limine for Purported Expert Testimony of Lancaster, Monroe, and Treating Physicians (Dkt. No. 140)

Defendant believes Plaintiff will ask Lancaster and Monroe to provide both lay and expert testimony. Defendant believes Plaintiff will have Lancaster and Monroe offer lay testimony to show that Plaintiff was more qualified than the person who was offered the level 15 position that is the subject of the remaining claims. Defendant argues neither individual was involved in the hiring decision and neither individual can testify about the qualifications of the other candidates who were interviewed for the position. Defendant concludes Lancaster and Monroe lack the personal knowledge required by Rule 602 of the Federal Rules of Evidence. Defendant argues Lancaster and Monroe should not be allowed to testify as experts on whether Defendant followed the proper procedure for promotion and hiring because that question is not an issue. Defendant argues Plaintiff's treating physicians have not been retained as experts and therefore cannot offer expert testimony. Defendant argues the treating physicians are permitted only to testify about their own treatment of Plaintiff.

Plaintiff asserts Defendant mischaracterizes the expected testimony from these witnesses. Plaintiff argues Lancaster and Monroe are long-time employees of the USPS and both held

---

[1] Plaintiff concedes this point in her response. (Dkt. No. 150 at 5.)

managerial positions. Plaintiff claims Lancaster and Monroe worked with and supervised the candidates and therefore have the required personal knowledge to give testimony about the skills and qualifications of the candidates. Plaintiff argues whether Defendant followed proper procedure making the selection for the level 15 position is an issue in the matter because evidence that proper procedure was not followed can be evidence of discrimination. Plaintiff argues her treating physicians are expected to testify about their treatment of Plaintiff.

Defendant's motion is GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART. Regarding Defendant's assertion that Lancaster and Monroe do not have the required personal knowledge to testify whether Plaintiff was more qualified than the other candidates for the level 15 position, the motion is DENIED WITHOUT PREJUDICE. Plaintiff claims the two individuals "worked with and supervised the candidates . . . and they have personal knowledge and are well-positioned to give testimony about the qualifications and skills of the candidates for the position." (Dkt. No. 149 at 2.) Assuming Plaintiff can lay this foundation, Lancaster and Monroe would have the required personal knowledge to compare the qualifications of the candidates. No evidence has been cited to support this assertion. In the event Plaintiff does not provide the appropriate foundation for the anticipated testimony, Defendant may certainly renew the motion. Regarding Defendant's assertion that Lancaster and Monroe do not have the required expert knowledge concerning the hiring and promotion policies and procedures of the USPS, Defendant's motion is DENIED. The two individual's have sufficient experience and expertise to offer an opinion on whether the hiring and promotion policies and procedures were followed for the position at issue in this case. Regarding Plaintiff's treating physicians, Defendant's motion is GRANTED. The treating physicians have not been hired to provide expert testimony. The treating

7

physicians may testify about their treatment of Plaintiff, including, based on their treatment, whether Plaintiff is disabled and whether her disability was caused by the stress of the alleged discrimination and retaliation. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869-71 (6th Cir. 2007) (holding Fed. R. Civ. P. 26(a)(2)(B) did not require the treating physicians to file an expert report in order for the physicians to testify that a particular task the plaintiff repeatedly performed as part of his employment caused carpal tunnel syndrome).

    C.  Motion in Limine - Lois Dukes (Dkt. No. 141)

Defendant seeks to exclude any evidence of Plaintiff's attempt to discipline Lois Dukes and Chester Cross's decision not to discipline Ms. Dukes. Defendant argues the decisions regarding Ms. Dukes' discipline are not relevant or related to the decision not to offer the level 15 position to Plaintiff. Defendant argues the evidence is not admissible under Rule 402. Defendant argues the evidence is also not admissible under Rule 404(b) because it attacks the character of Mr. Cross by alleging the evidence is proof of his discrimination. Finally, Defendant argues the evidence should be excluded under Rule 403 because it would be confusing and misleading and require a mini-trial on whether Ms. Dukes should have been disciplined. Plaintiff responds that the evidence shows that Mr. Cross has discriminating tendencies, an issue that is relevant to her claim.

Defendant's motion is DENIED. The evidence that Chester Cross opted not to discipline Lois Dukes is relevant as it may establish favoritism on Cross's part. The evidence is not excludable under Rule 404(b) because the rule contains an exception for intent. The evidence is not excludable under Rule 403. The probative value of the evidence, Cross's intent to discriminate, is not substantially outweighed by the danger of unfair prejudice. A fact-finder would not be so confused or misled by the evidence as to decide the case on an improper basis.

8

THEREFORE, consistent with the above explanations, Defendant's motions in limine are GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PREJUDICE IN PART.

1. Defendant's motion in limine for claims not at issue (Dkt. No. 139) is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion in limine for purported expert testimony of Lancaster, Monroe, and treating physicians (Dkt. No. 140) is GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART.

3. Defendant's motion in limine regarding evidence relating to Lois Dukes (Dkt. No. 141) is DENIED.

**IT IS SO ORDERED.**

Date: July 1, 2010            /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           Chief United States District Judge