UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA LENSING,
        Plaintiff,

No. 1:03-cv-575

-v-

HONORABLE PAUL L. MALONEY

JOHN POTTER, POSTMASTER GENERAL,
UNITED STATES POST OFFICE,
        Defendant.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE

At issue is Defendant Potter's motion in limine. (Dkt. No. 155.) Defendant seeks to prevent four treating physicians from testifying at trial. Defendant offers several reasons, explained below, why this court should preclude Plaintiff from offering their testimony.

Three important events have occurred during this litigation that impact this motion. First, the action was in a holding pattern from March 2005 through August 2006, while the parties attempted to finalize a negotiated settlement. The action was then stayed from August 2006 through early 2009 while Plaintiff sought disability benefits as part of the settlement agreement. Second, after her disability benefits were denied and the settlement fell apart, Plaintiff filed a motion to amend her complaint for a second time to include claims arising from events that occurred in 2004, four years after the events giving rise to the claims outlined in the original complaint. (Dkt. No. 107.) The motion was denied. (Dkt. No. 115.) Third, Defendant previously filed several motions in limine, one of which involved the testimony of the same treating physicians. In Dkt. No. 140 ("Motion in Limine for Purported Expert Testimony of Lancaster, Monroe, and Treating Physicians"), Defendant sought to prohibit the treating physicians from testifying as expert

witnesses because none of the treating physicians had been retained as experts. Plaintiff responded that the treating physicians would testify only about the treatment they provided. The court granted Defendant's motion on this issue (Dkt. No. 152), finding the treating physicians had not been retained as experts, but nevertheless allowed the physicians to testify. *Lensing v. Potter*, No. 1:03-cv-575, at 8 (W.D. Mich. July 1, 2010) (granting in part, denying in part, and denying in part without prejudice three motions in limine) ("*Lensing Motion in Limine Order*"). Consistent with the holding in *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869-71 (6th Cir. 2007), this court held "[t]he treating physicians may testify about their treatment of Plaintiff, including, based on their treatment, whether Plaintiff is disabled and whether her disability was caused by the stress of the alleged discrimination and retaliation."

**LEGAL FRAMEWORK**

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *see also Figgins v. Advance America Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th

Cir. 1997). Motions in limine allow the trial judge to eliminate from consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.*; *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson*). Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands*, 547 F.Supp. at 681.

Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence that is not relevant is not admissible. FED. R. EVID. 402. The rules define "relevant evidence" as any "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that is relevant may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence." FED. R. EVID. 403. The Supreme Court has remarked on several occasions that the standard for relevancy is liberal. *See e.g. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *see also Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (noting same).

**ANALYSIS**

Defendant seeks to exclude testimony from four individuals: (1) Merrill Graham, LMSW, RPT; (2) Heather Bunting, MD; (3) Stanislaus Gunadi, MD; and (4) Donald Van Ostenberg, MD. Defendant offers several reasons to prevent these individuals from offering testimony. First, Defendant asserts these individuals were not disclosed in discovery or in expert disclosures. Second, Defendant argues the treatment provided by these individuals relates to issues already barred. The

events giving rise to Plaintiff seeking treatment in 2004 and later, were the subject of Plaintiff's denied motion to amend. Third, Defendant argues these individuals have no basis to provide causation testimony because they are not experts and did not begin treating Plaintiff until 4 years after the relevant events occurred. Defendant argues their testimony will be both confusing and prejudicial. Finally, Defendant argues that treating physicians must still satisfy *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), which they cannot do in this case.

    A. Notice of Witnesses

The events giving rise to the claim in the complaint occurred in 2000. At some point in 2004, Plaintiff took an overdose of medication, after which she was treated by Graham, Bunting, and Gunadi. Plaintiff retained Van Ostenberg in 2006 to assist her in appealing the denial of disability benefits by the Office of Personnel Management. Dr. Van Ostenberg reviewed her medical files and administered a battery of psychological tests. Defendant argues none of these witnesses were disclosed under Plaintiff's obligations under Fed. R. Civ. P. 26(a). Defendant argues the individuals were not disclosed in Plaintiff's expert witness list (Dkt. No. 122 - June 12, 2009) or supplemental expert witness list (Dkt. No. 123 - June 25, 2009). Defendant asserts it had no knowledge that these individuals would be part of the case and "never had an opportunity to obtain full treatment records from these doctors nor depose them." (Mot. at 3.)

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires the parties to supplement its disclosures. The rule imposes an on-going duty to disclose material information where an earlier disclosure was incomplete or incorrect, and where the additional information has not been otherwise made known to the other parties. Fed. R. Civ. P. 26(e)(1)(A). The rule does not specify how such disclosure must be made, only that the disclosure occur "during the discovery process or in writing."

4

*Id.*; *see Coleman v. Keebler Co.*, 997 F.Supp.1102, 1107 (N.D. Ind. 1998) (holding the duty to supplement does not "require an application of form over substance") (citing 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2D § 2049.1 p. 604 (2d ed. 1994). While Plaintiff pursued disability benefits as part of the initial settlement, Plaintiff provided Defendant written notice that Merrill Graham possessed information relevant to this case. (Dkt. No. 157-2, Ex. 2 to Pl. Response, Dep. Notice of Deposition of Graham; Dkt. No. 157-3, Pl. Ex. 3 to Pl. Response, Graham Report.) Defendant acknowledged awareness that Dr. Gunadi provided treatment to Plaintiff in an email dated June 17, 2005. (Dkt. No. 157-4, Ex. 4 to Pl. Response.) Plaintiff sent to Defendant a copy of Dr. Van Osternberg's report concerning Plaintiff in November 2006. (Dkt. No. 158-2, Ex. 8 to Pl. Response.) Although none of these documents were supplied during discovery and none of the documents indicate that the names were provided as part of Plaintiff's duty under Rule 26, without question, the documents were both written and provided notice to Defendant that the individuals possessed information potentially relevant to Plaintiff's suit. In addition, Plaintiff's exhibits 2, 3, and 8 all reference the title of this action, as opposed to Plaintiff's suit for disability benefits, in the document. Defendant admitted awareness that Plaintiff had been treated by Gunadi. Accordingly, the court concludes Plaintiff provided sufficient notice to Defendant for Graham, Gunadi and Van Ostenberg.

The evidence submitted does not establish that Plaintiff provided notice to Defendant that Heather Bunting possessed information relevant to this action. The only document that includes Bunting's name dated earlier than 2010 submitted to this court by Plaintiff to establish the required notice is Exhibit 6. That document is addressed to Sandy Sharp at the United States Post Office. (Dkt. No. 158.) The letter indicates Dr. Bunting followed Plaintiff for depression at the same time

5

that Dr. Gunadi observed Plaintiff. (*Id.*) The letter was sent to Defendant by Bunting, not by Plaintiff, and does not reference any pending litigation. Plaintiff did not provide notice to Defendant of her intent to call Bunting as a witness until February 19, 2010. On that date, Plaintiff provided Defendant notice of her *de bene esse* deposition of Bunting. (Dkt. No. 158-4, Ex. 10 to Pl. Response.) The deposition was subsequently adjourned pending resolution of Defendant's earlier motions in limine. (Dkt. No. 158-5, Ex. 11 to Pl. Response.) Under the case management order issued on March 26, 2009, Plaintiff's February 2010 disclosure that Heather Bunting possessed information relevant to this action was not timely.

B. Barred Issues and *Daubert*

Before discussing Defendant's remaining arguments, it is necessary to review the nature of the claims remaining in this action. On January 10, 2010, this court issued an order (Dkt. No. 131) granting in part and denying in part Defendant's motion for summary judgment. *Lensing v. Potter*, No. 1:03-cv-575 (W.D. Mich. Jan. 10, 2010) ("*Lensing Summary Judgment Opinion*"). The court dismissed Plaintiff's claim for discrimination arising from her non-selection for a level 17 position with Defendant in July 2000. *Id.* The court found sufficient issues of material fact arising from Plaintiff's claim for discrimination arising from Plaintiff's non-selection for a level 15 position with Defendant in October 2000. *Id.* Plaintiff's amended complaint alleges Defendant retaliated against her for filing an EEO charge.[1] (Dkt. No. 9 ¶¶ 45, 56-57.) The only instance of alleged retaliation

---

[1]Plaintiff learned she was not selected for the level 15 position on October 20, 2000, as indicated on the pre-complaint counseling form and the EEO complaint. (Dkt. No. 50-4, Ex. C to Def. Mot. Summ. Judgment, PgID 271; Dkt. No. 50-5, Ex. D. to Def. Mot. Summ. Judgment, PgID 284.) On both documents, Plaintiff describes the factual basis for her retaliation claim. She states she was not offered the level 15 position because she filed an earlier EEO charge when she was not offered the level 17 position.

in the amended complaint is the allegation that Plaintiff was not selected for the level 15 position in retaliation for filing the EEO charge for her non-selection for the level 17 position.[2] There are no other factual allegations in the amended complaint asserting retaliation. The court found a genuine issue of material fact on that retaliation claim. *Lensing Summary Judgment Opinion* at 19-20. To be clear, events that occurred in 2004, outlined in Plaintiff's rejected complaint (Dkt. No. 107-3 ¶¶ 53-71) in her second motion to amend, are not at issue.

Plaintiff cannot use the testimony of the witnesses at issue here to introduce evidence already barred. This court denied Plaintiff's second motion to amend her complaint to include alleged retaliation in 2004. In ruling on Defendant's earlier motion in limine, the court prohibited Plaintiff from introducing evidence of alleged instances of retaliation that occurred in 2004. Plaintiff cannot now use these witnesses, who treated Plaintiff in 2004, to introduce evidence of the events that occurred in 2004 just prior to the treatment provided.

Defendant's motion raises the issue of whether the treating physicians can conclude that the mental and physical problems Plaintiff suffered in 2004 were caused by the events that occurred in 2000, rather than by the events that occurred in 2004. Stated differently, can the physicians render relevant testimony parsing Plaintiff's history, excluding the 2004 events? Plaintiff has the burden of establishing that the testimony of the treating physicians is admissible. *See Daubert*, 509 U.S. 579, 593 n. 10; *see also Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000) ("In short, under *Daubert* and its progeny, a party proffering expert testimony must show by a "preponderance of

---

[2]In the earlier order (Dkt. No. 152) resolving Defendant's prior motions in limine, the court made a similar clarification explaining that the retaliation claim still pending relates to Plaintiff's non-selection for the level 15 position. *See Lensing Motion in Limine Order* at 4 ("Plaintiff's retaliation claim is that she was not hired for a position in 2000 based on an EEO claim filed in 2000.").

proof" that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of the issues relevant to the case."). This court earlier denied Defendant's motion to prevent these treating physicians from testifying as experts when Defendant argued the physicians had not been retained as experts. *Lensing Motion in Limine Order*. The court concluded, under binding authority from the Sixth Circuit, that the treating physicians could testify about their treatment of Plaintiff, including whether she was disabled as the result of "the stress caused by the alleged discrimination and retaliation." *Id.* at 8. (citing *Fiedlen v. CSX Transp., Inc.*, 482 F.3d 866, 869-71 (6th Cir. 2007)). The Sixth Circuit Court of Appeals has further held that while treating physicians may provide expert testimony regarding a patient's illness and its cause, the treating physician's testimony "remains subject to the requirement set forth in *Daubert*." *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 426 (6th Cir. 2009).

The court recognizes Defendant's concerns raised in the motion. Causation, and ultimately damages, in this action must relate to the events that occurred in 2000, not the events that occurred in 2004. It is not clear from the reports by Van Ostenberg and Graham, already made part of the record, that either witness can assist the court by providing a reliable opinion, under the requirement of *Daubert*, that addresses the narrow claim still pending in this case. At oral argument, Plaintiff's counsel asserted they could. The court needs to know precisely what the physicians' testimony will be at trial. Accordingly, Plaintiff shall depose Graham, Gunadi, and Van Ostenberg, for the purpose of establishing the foundation under *Daubert* for each physician's opinion in this action.

**CONCLUSION**

For the reasons outlined above, Defendant's motion in limine (Dkt. No. 155) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. Plaintiff did not provide the required notice to Defendant regarding Heather Bunting as a potential witness in this action. Therefore, Bunting may not be called as a witness. Plaintiff provided sufficient notice that Graham, Gunadi and Van Ostenberg possessed relevant information as treating physicians. Plaintiff received, from Defendant, reports from Graham and Van Ostenberg by 2006. Plaintiff admitted in 2005 that it was aware that Gunadi treated Plaintiff. Plaintiff must satisfy the requirements in *Daubert* for admission of the opinions of Graham, Gunadi or Van Ostenberg with regard to the narrow issues pending in this action in light of Defendant's objection. Therefore, Plaintiff will need to depose those three witness for the purpose of establishing the appropriate basis for their testimony.

The court acknowledges that time is of the essence as a jury trial is currently scheduled to begin on Monday, August 30, 2010. This case has lingered for more than seven years, albeit with a hiatus while the parties pursued a settlement. The court will not alter the date of the currently scheduled trial.

## **ORDER**

For the reasons provided in the accompanying opinion, Defendant's motion in limine (Dkt. No. 155) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. IT IS SO ORDERED.**

Date:  August 11, 2010    /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge

9